# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| Donnell Hurt,<br>    Petitioner,<br><br>v.<br><br>Larry Edmonds,<br>    Respondent. | )<br>)<br>)<br>)   1:12cv1147 (LO/JFA)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Donnell Hurt, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss and accompanying memorandum, and petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Petitioner has filed a response; accordingly, this matter is ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

### I. Background

Petitioner is incarcerated pursuant to a final judgment of the Circuit Court of Arlington County, Virginia, entered on January 26, 2010. Petitioner entered pleas of guilty pursuant to North Carolina v. Alford, 400 U.S. 25 (1970) to one count of petit larceny and one count of possessing a concealed weapon. R. Nos. CR09-437 & CR09-438. He received a sentence of five years for the weapon charge, and twelve months for the petit larceny charge. Resp. Ex. 1 (Sentencing Order, January 26, 2010). Petitioner filed two motions to withdraw the Alford plea, which were denied. Commonwealth v. Hurt, No. 09-437-38, Motion Tr. 4, Oct. 6, 2009; Sentencing Tr. Jan. 8, 2010.

The Court of Appeals of Virginia denied the petitioner's petition for appeal on September 2, 2010. Hurt v. Commonwealth, R. No. 0363-10-4 (Va. Ct. App. Sept. 2, 2010); Resp. Ex. 2. A three-judge panel of the Court of Appeals then denied the petition for the reasons stated in the September 2, 2010 Order. Petitioner appealed to the Supreme Court of Virginia, which refused the appeal on March 16, 2011. Hurt v. Warden, R. No. 102174 (Va. Apr. 2, 2012); Resp. Ex. 5.

On June 5, 2011, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, raising nine grounds. R. No. 111075. The Supreme Court of Virginia denied and dismissed the petition on April 2, 2012. Id.

On October 1, 2012, petitioner placed the instant federal habeas petition in the prison mailing system. In his petition, petitioner asserts the following claims:

> (1) Ineffective assistance of counsel due to counsel's failure to seek the suppression of inculpatory statements made by the petitioner and obtained without advising the petitioner of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966).
>
> (2)(a) Ineffective assistance of counsel due to counsel's failure to pursue a defense of unlawful arrest; failure to move for the return of evidence seized from the petitioner at the time of arrest; failure to object to prosecutorial misconduct.
>
> (2)(b) Ineffective assistance of counsel due to counsel's failure to move to dismiss the petitioner's indictment; failure to investigate the evidence presented to the grand jury that issued the indictment.
>
> (3)(a) Ineffective assistance of counsel due to counsel's failure to file motions at the petitioner's request to seek the return of items seized; failure to seek the suppression of evidence; to move for a speedy trial; failure to seek the dismissal of the indictment; and to seek discovery. Moreover, the petitioner contends counsel failed to conduct an adequate investigation in preparation of his defense at trial.
>
> (3)(b) Ineffective assistance of counsel due to counsel's failure to seek dismissal of the charges based upon a violation of petitioner's right to a speedy trial; failure to object to prosecutorial misconduct, based upon the prosecution's failure to timely provide discovery material; failure to object to prosecutorial misconduct based upon the prosecution's reliance upon allegedly "false evidence of prior convictions"; failure to correct allegedly false evidence of petitioner's prior convictions, which omission "forced" the petitioner to enter an Alford.

2

(4)(a) Prosecutorial misconduct through the prosecution's reliance upon allegedly false evidence of prior convictions to obtain an indictment from the grand jury; the prosecution misinformed the trial court of the nature and character of the evidence seized from him.

(4)(b) Ineffective assistance of counsel due to counsel's failure to object to the prosecution's description of the knife possessed by the petitioner as a "Bowie knife" during the plea colloquy. Counsel further failed to object to the prosecution's assertion that the knife was retrieved from the petitioner when searched by law enforcement. Hurt contends this evidence was not true, and counsel failed to advise him not to enter a guilty plea unsupported by the evidence.

(5)(a) Ineffective assistance of counsel due to counsel's submission of a motion to withdraw guilty plea submitted on behalf of Hurt, where the petitioner maintains counsel failed to accurately articulate the basis upon which he sought to withdraw his plea.

(5)(b) Ineffective assistance of counsel due to counsel's failure to object when the court denied petitioner's motion to represent himself; failure to object to the court's requirement that an attorney assist the petitioner.

(6)(a) Ineffective assistance of counsel due to counsel's failure to object to what the petitioner alleges was an unlawful sentence; petitioner further contends that the imposition of an unlawful sentence violated his right to due process.

Claims 1, 2(a), 2(b), 3(a), 3(b), 4(a), 4(b), 5(a), and a portion of 6(a) are essentially the same grounds petitioner raised in his state habeas petition. Claim 5(b) and a portion of Claim 6(a) were not presented in petitioner's state habeas petition or raised on direct appeal.

## II. Exhaustion and Procedural Bar

In reviewing a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a federal court must first determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a federal petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust a claim requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515–19 (1982). To comply with the exhaustion requirement, a state

3

prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910–11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275–78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court.").

Additionally, when a state court has determined that a claim has been procedurally defaulted, its finding is entitled to a presumption of correctness on federal habeas corpus review, provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262–63 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423–24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

Petitioner has failed to exhaust Claim 5(b) and the portion of Claim 6(a) alleging a due process violation because he did not present them to the Virginia Supreme Court on either direct appeal or state habeas review. This does not end the exhaustion analysis, however, because a

"claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, if "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence," this will "prevent[] federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

In this case, if petitioner now were to attempt to bring these unexhausted claims before the Supreme Court of Virginia, they would be procedurally barred as both untimely and successive, under Virginia Code § 8.01-654(A)(2) and § 8.01-654(B)(2), respectively. The Fourth Circuit has held that the procedural default rules set forth in both § 8.01-654(A)(2) and (B)(2) constitute adequate and independent state-law grounds for decision. See Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir 2000); Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999). Therefore, these claims are simultaneously exhausted and procedurally defaulted from federal habeas review absent cause and prejudice for the default, or a showing that a fundamental miscarriage of justice would occur absent such review. Petitioner has failed to demonstrate either and does not dispute that these claims are barred; therefore, these claims must be dismissed from the petition as simultaneously exhausted and procedurally defaulted.

Petitioner's remaining claims will be examined on the merits.

### III. Standard of Review

Where a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant habeas relief unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court

decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination meets the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Moreover, this standard of reasonableness is an objective one. Id. at 410.

## IV. Analysis

In the remaining claims, petitioner argues that counsel rendered ineffective assistance and that prosecutors engaged in misconduct.

A. Claims 1, 2(a), 2(b), 3(a), 3(b), 4(a), 4(b), 5(a), & 6(a): Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its]

6

analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. And, in this respect, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. See Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

The Strickland test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test 'is nothing more than a restatement of the standard of attorney competence already set forth in . . . McMann v. Richardson, 397 U.S. 759, 771 (1970), that is, whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." Id. at 58–59. With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000).

In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73–74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir.2005); Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001). The Supreme Court of Virginia found that 1, 2(a), 2(b), 3(a), 3(b), 4(b), 5(a), & 6(a) satisfy neither the performance nor prejudice prong of the two-part test enunciated in Strickland.

1. Claims 1 & 2(a)

In Claim 1, petitioner alleges that he was denied effective assistance of counsel because counsel failed to file a motion to suppress statements obtained from him in violation of his right pursuant to Miranda, 384 U.S. at 436. Pet. 9, ECF No. 1-1. In Claim 2(a), petitioner alleges that counsel rendered ineffective assistance when he failed to seek the return of evidence unlawfully seized from him and failed to object to petitioner's unlawful arrest. Id.

When petitioner presented the corresponding claim in his state habeas petition to the Supreme Court of Virginia, it held that:

> The record, including the transcript of the plea colloquy, demonstrates that petitioner represented to the court that he had discussed the case thoroughly with counsel, he knew the Commonwealth's evidence, he understood the rights he was waiving, and he wished to enter an Alford plea. The court found petitioner entered his guilty pleas knowingly and intelligently. Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable

8

probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different.

Hurt v. Warden, supra, at 1–2. The state court's rejection of this claim was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts. Williams, 529 U.S. at 412–13. A review of the transcript shows that petitioner represented to the trial court under oath that he wished to enter an Alford plea and understood the consequences, that he had discussed the case with his attorney, and that he understood the charges and evidence against him. Commonwealth v. Hurt, Case No. 09-437-8, Plea Tr. 14–19, Sept. 8, 2009.[1] Petitioner is bound by those representations. Blackledge, 431 U.S. at 73–74. Therefore, this claim must be dismissed.

2. Claim 2(b)

In Claim 2(b), petitioner alleges that he was denied effective assistance of counsel when counsel failed to move for dismissal of the indictment, based upon the assertion that the prosecution engaged in misconduct in seeking a felony indictment for conduct that had previously been charged as a misdemeanor offense. Pet. 9. Specifically, petitioner alleges the prosecution "circumvented criminal procedures to obtain a felony indictment after charging the petitioner with a misdemeanor offense. . . ." Id.

When petitioner presented the corresponding claim in his state habeas petition to the Supreme Court of Virginia, it held that:

> The record, including the transcript of the plea colloquy, demonstrates that petitioner was indicted for a felony instead of a misdemeanor because he was carrying a concealed weapon after having been convicted of a felony. Furthermore, petitioner told the court he had discussed the case thoroughly with

---

[1] Before the plea colloquy, petitioner made statements indicating that he was confused about the proceeding. He stated that he was "not ready for the hearing" and that he did not "know what is going on." Pl. Tr. 9, 11. However, he was given opportunities to confer with counsel after making both statements. Upon returning from the second recess, the petitioner entered a guilty plea, which the trial court found was knowing and intelligent. Id. at 19.

9

counsel, he knew the evidence the Commonwealth had against him, he understood the rights he was waiving, and he wished to enter an Alford plea. Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different.

Hurt v. Warden, supra, at 2. The state court's rejection of this claim was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts. Williams, 529 U.S. at 412–13. During the plea colloquy, petitioner indicated that he had discussed his case—including the felony indictment—thoroughly with counsel. Plea Tr. 17. Therefore, this claim must be dismissed.

3. Claims 3(a) & 3(b)

In a portion of Claim 3(a), petitioner repeats his allegations from Claims 1, 2(a), and 2(b). Pet. 10. To the extent that Claim 3(a) is repetitious of those allegations, it will be dismissed.

In a different portion of Claim 3(a), petitioner alleges he was denied effective assistance of counsel when counsel failed to file a motion for discovery and failed to move to dismiss the indictment based upon a claim that petitioner's statutory right to a speedy trial was violated. Id. In a portion of Claim 3(b), petitioner repeats this allegation, claiming that counsel rendered ineffective assistance for failing to move for the dismissal of the indictment on speedy trial grounds.

Petitioner's allegations of ineffective assistance of counsel in Claims 3(a) and 3(b) based on counsel's failure to move for a dismissal on speedy trial grounds correspond to the third claim of his state habeas petition. When petitioner presented this claim to the Supreme Court of Virginia, it held that:

> The record including the transcript of the plea colloquy, demonstrates that petitioner never expressed to the court dissatisfaction or concern regarding counsel's alleged failure to move for a speedy trial or to object to the continuances. On the day of trial, petitioner himself sought a continuance, and when it was denied, decided to enter an Alford plea. Petitioner has failed to

10

demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different.

Hurt v. Warden, supra, at 3. The state court's rejection of this claim was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts. Williams, 529 U.S. at 412–13. A review of the transcript shows that petitioner did not raise speedy trial issues before or during the plea colloquy. Therefore, this claim must be dismissed.

In an additional portion of Claims 3(a) and 3(b), petitioner asserts he was denied effective assistance of counsel when counsel failed to object to alleged prosecutorial misconduct related to errors in the discovery provided to petitioner on the morning his case was scheduled for trial. Pet. 10. These allegations correspond to the fourth claim of petitioner's state habeas petition. When petitioner presented this claim to the Supreme Court of Virginia, it held that:

> The record, including the transcript of the plea colloquy, demonstrates that the error in the provided discovery concerned the date of the murder conviction, not its existence, as petitioner admitted to the court that he had been convicted of murder in the District of Columbia. Furthermore, petitioner told the court he had discussed the case thoroughly with counsel, he knew the Commonwealth's evidence, he understood the rights he was waiving, and he wished to enter an Alford plea. The court found petitioner entered his guilty pleas knowingly and intelligently. Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different.

Hurt v. Warden, supra, at 3–4. The state court's rejection of this claim was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts. Williams, 529 U.S. at 412–13. A review of the transcript shows that the discovery dispute concerned the date of the previous murder conviction, not its existence. Sentencing Tr. 6–7, Jan. 8, 2010. Therefore, this claim must be dismissed.

Finally, in a different portion of Claim 3(a), petitioner appears to allege that he received ineffective assistance of counsel when counsel failed to move for dismissal of the concealed

11

weapon charge that was enhanced by a prior felony conviction. This portion corresponds to the sixth claim in petitioner's state habeas petition. When petitioner presented this claim to the Supreme Court of Virginia, it held that:

> The record, including the transcript of the sentencing hearing, demonstrates the petitioner raised these concerns below and represented to the court that he was convicted of murder in 1983. Therefore, even assuming the discovery package contained an erroneous date for petitioner's murder conviction, petitioner admitted to such a conviction. Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different.

Hurt v. Warden, supra, at 5. The state court's rejection of this claim was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts. Williams, 529 U.S. at 412–13. The record shows that petitioner admitted that he had been convicted of murder in 1983, and while petitioner argued that a thirty-year-old conviction should not enhance the concealed weapon charge, the trial judge rejected this argument. Sentencing Tr. 10. Therefore, this claim must be dismissed.

4. Claim 4(a) & 4(b)

In a portion of Claim 4(a) and in Claim 4(b), petitioner alleges that he received ineffective assistance of counsel when counsel failed to object to the prosecution's characterization of the knife during the plea colloquy. Pet. 10–11. When petitioner presented this claim, which corresponds to the fifth claim of his state habeas petition, to the Supreme Court of Virginia, it held that:

> The record, including the transcript of the plea colloquy, demonstrates that petitioner told the court he had discussed the case thoroughly with counsel, that he had previously been convicted of murder, that he knew the Commonwealth's evidence, he understood the rights he was waiving, and he wished to enter an Alford plea. The court found petitioner entered his guilty pleas knowingly and intelligently. Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different.

Hurt v. Warden, supra, 4–5. The state court's rejection of this claim was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts. Williams, 529 U.S. at 412–13. The record shows that petitioner represented to the court that he had discussed the case, including the concealed weapon charge, with counsel. Plea Tr. 14–19. Therefore, this claim must be dismissed.

5. Claim 5(a)

In Claim 5(a), petitioner contends that he received ineffective assistance of counsel when counsel chose to present to the court a motion to withdraw petitioner's guilty plea drafted by counsel and did not present the motion petitioner drafted. When petitioner presented this claim, which corresponds to Claim 7(b) of his state habeas petition, to the Supreme Court of Virginia, it held that:

> The record, including the manuscript record and the hearing transcripts, demonstrates that counsel attached petitioner's motion in support of the motion filed by counsel. The court was in possession of petitioner's pro se motion prior to the time it denied the relief requested. Further, petitioner filed a subsequent motion for reconsideration, which the court also denied. Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Hurt v. Warden, supra, at 6. The state court's rejection of this claim was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts. Williams, 529 U.S. at 412–13. A review of the record shows that petitioner's first Motion to Withdraw the Alford plea, filed by counsel, included petitioner's pro se motion. Mot. Withdraw, Nos. CR09-437 & CR09-438, Sept. 24, 2009. That Motion, and a second Motion to Withdraw filed by counsel, were denied. Therefore, this claim must be dismissed.

6. Claim 6(a)

In a portion of Claim 6(a), petitioner maintains that he received ineffective assistance of counsel when counsel failed to object to the trial court's imposition of an allegedly unlawful sentence. The trial court imposed a two-year post-release supervision period as well as the maximum sentence for possession of a concealed weapon, and petitioner argues the here that post-release period is unlawful. When petitioner presented this claim, which corresponds to Claim 7(a) of his state habeas petition, to the Supreme Court of Virginia, it held that:

> Virginia Code § 19.2-295.2 (A) by its express terms requires the court to impose a term of post-release supervision of not less than six months nor more than three years for felony offenses committed on or after July 1, 2000. Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Hurt v. Warden, supra, at 6. The state court's rejection of this claim was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts. Williams, 529 U.S. at 412–13. The imposition of a two-year post-release period is lawful in Virginia. Therefore, this claim must be dismissed.

B. Claim 4(a): Due Process/Prosecutorial Misconduct

In a portion of Claim 4(a), petitioner argues that was deprived of due process of law when the prosecution presented false evidence to the grand jury in an effort to obtain an indictment against him. Pet. 10. Specifically, he alleges that the prosecutors relied on false evidence related to his prior convictions. Id. This portion of Claim 4(a) was exhausted through direct appellate review of petitioner's convictions.

> When this claim was presented to the Court of Appeals of Virginia, it observed:
>
> Although the discovery package may have contained the wrong date of [Hurt's] murder conviction, he admitted that he was previously convicted of murder. Based upon a review of the record, [Hurt] has failed to produce any evidence of misconduct by the prosecutor in obtaining the indictment for possession of a concealed weapon after having been convicted of a felony.

Hurt v. Warden, supra, at 2. Because the Court of Appeals' opinion was the last reasoned decision on this issue, its holding is imputed to the Supreme Court of Virginia. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). The state court's rejection of this claim was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts. Williams, 529 U.S. at 412–13. A review of the plea and sentencing transcripts show that petitioner admitted to his prior felony conviction. Plea Tr. 17; Sentencing Tr. 10. Therefore, this claim must be dismissed.

### V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed, with prejudice. An appropriate Order shall issue.

Entered this 19th day of July 2013.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge